IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KENNETH R. DONALD** | § | **PLAINTIFF** |
| | § | |
| **FIRST COMP INSURANCE CO.** | § | **INTERVENOR PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:08cv1403-LG-RHW |
| | § | |
| **J. B. HUNT TRANSPORT, INC.** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**BEFORE THE COURT** is Motion for Partial Summary Judgment [78] filed by J. B. Hunt Transport and Larry Childress.[1]  Kenneth R. Donald has filed a response in opposition to the Motion, and J. B. Hunt has filed a reply.  Upon reviewing the submissions of the parties and the applicable law, the Court finds that J.B. Hunt is entitled to partial summary judgment regarding Donald's claim for punitive damages.

### FACTS

On May 21, 2008, Childress, who was operating a Freightliner truck on behalf of J. B. Hunt, struck Donald's Peterbilt truck at a truck stop located near Canal Road in Gulfport, Mississippi.  At the time of the accident, Childress was attempting to exit a parking space, and Donald's truck was parked.

Donald filed this lawsuit against Childress and J.B. Hunt, and the case was removed to this Court.  In his Complaint, Donald "demands all damages permissible under Mississippi law," but the Complaint makes no allegations of willful or wanton

---

[1] Former defendant Larry Childress was dismissed by a stipulation [36] signed by all parties on April 6, 2009.  Therefore, he is no longer a party to this lawsuit.

conduct, recklessness, or gross negligence. J. B. Hunt seeks partial summary judgment to the extent that Donald may attempt to recover punitive damages.

## DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

"Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed 'with caution and within narrow limits.'" *Warren v. Derivaux*, 996 So. 2d 729, 738 (¶27) (Miss. 2008) (quoting *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So. 2d 629, 622 (Miss. 1988)). "Punitive damages are only appropriate in the most egregious cases so as to discourage similar conduct and should only be awarded in cases where the actions are extreme." *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (¶20) (Miss. 1999) (citing *Wirtz v. Switzer*, 586 So.

2d 775, 783 (Miss. 1991)). The totality of the circumstances and the aggregate conduct of the defendant must be considered when determining whether punitive damages are appropriate. *Willard*, 754 So. 2d at 442. "In the automobile context, the Mississippi Supreme Court has been extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations." *Walker v. Smitty's Supply, Inc.*, 5:06-cv-30-DCB-JMR, 2008 WL 2487793 at *6 (S.D. Miss. May 8, 2008)).

> Mississippi Code Annotated §11-1-65 provides:
>
> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

The defendant's conduct must include "some element of aggression, insult, malice, or gross negligence that evidences a ruthless disregard for the rights of others" in order to justify an award of punitive damages. *Bradfield v. Schwartz*, 936 So. 2d 931, 936 (¶17) (Miss. 2006). Gross negligence is "that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *Ezell v. Bellsouth Telecomm., Inc.*, 961 F. Supp. 149, 152 (S.D. Miss. 1997) (quoting *Dame v. Estes*, 101 So. 2d 644, 645 (Miss. 1958)). Meanwhile, wanton conduct has been defined to include an intentional act of unreasonable character and the reckless disregard of known or obvious risks that are so great as to make it highly probable that harm will follow. *Pigford v. Jackson Pub. Sch. Dist.*, 910 So. 2d 575, 579 (¶19) (Miss. Ct. App. 2005). "[Willful and wanton conduct] usually is accompanied by a conscious indifference to consequences,

amounting almost to a willingness that harm would follow." *Pigford*, 910 So. 2d at 579(¶19) (quoting *Maldonado v. Kelly*, 768 So. 2d 906, 910 (¶8) (Miss. 2000)).

Donald argues that a jury should be permitted to consider whether he is entitled to punitive damages, because Childress was operating a fully-loaded truck "in a tired and unconscious state" at the time that the accident occurred. (Pl.'s Mem. at 2). However, Childress testified that he arrived at the truck stop at approximately 6:00 a.m., and he had set his alarm, so that he would be able to sleep for about three hours. (Ex. C to Def.'s Mot. at 13-14). The accident occurred at about 10:17 a.m. as Childress was leaving the parking lot. (*Id.*; Ex. 1 to Compl.)

There is no evidence that Childress was tired or unconscious at the time of the accident. Childress' testimony reveals that he had slept for approximately three hours and rested for over four hours just before the accident occurred. Childress' actions in striking Donald's truck while exiting a parking space constitute at most simple negligence. As a result, there is no genuine issue of material fact that Donald is not entitled to recover punitive damages.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [78] filed by J. B. Hunt Transport concerning Kenneth R. Donald's claim for punitive damages is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 11th day of May, 2011.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                CHIEF U.S. DISTRICT JUDGE